IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TERRI WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 2:06-CV-023 |
| | § | |
| HUTCHINSON COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

Terri Willis has sued Hutchinson County for allegedly violating her rights under Article 3, section 52e of the Texas Constitution and the Fourteenth Amendment of the United States Constitution. Specifically, she alleges that Hutchinson County failed to pay her maximum salary while she was incapacitated by injuries sustained in the course of her official duties. The Court grants Hutchinson County's Motion for Summary Judgment.

I. BACKGROUND

Hutchinson County hired Terri Willis in 1986 to work as a corrections officer. In February 2001, she injured her knee and ankle in the course of her employment. Several months later, an inmate hit her and reaggravated the injuries. Hutchinson County's sheriff terminated Willis on January 18, 2002 because the injuries prevented her from returning to work. At the time of her termination, Willis had accrued fifty-three days of unused sick leave and had a yearly salary of $31,833.96.

Hutchinson County never compensated Willis for the unused sick leave but did continue to pay her salary after termination. The payments were made in accordance with Article 3,

section 52e of the Texas Constitution. This provision requires a county to continue paying law-enforcement officials their maximum salary if they suffer an injury during the course of employment and cannot work:

> Each county in the State of Texas is hereby authorized to pay all medical expenses, all doctor bills and all hospital bills for Sheriffs, Deputy Sheriffs, Constables, Deputy Constables and other county and precinct law enforcement officials who are injured in the course of their official duties; providing that while said Sheriff, Deputy Sheriff, Constable, Deputy Constable or other county or precinct law enforcement official is hospitalized or incapacitated that the county shall continue to pay his maximum salary; providing, however, that said payment of salary shall cease on the expiration of the term of office to which such official was elected or appointed.

Tex. Const. art. III, §52e. Hutchinson County paid Willis at least $31,833.96 a year under section 52e, ending the payments when her term of office expired on December 31, 2004.[1] With a few exceptions, the payments made under section 52e did not include the longevity pay, vacation benefits, holiday benefits, sick-leave benefits, retirement benefits, or pay raises that accrued to county employees after Willis's termination.[2]

In addition to having qualified for the payments under section 52e, Willis's injuries qualified her for worker's compensation. Before her termination, these benefits were paid to Hutchinson County. After her termination, they were paid to Willis and subtracted from the amounts owed to her under section 52e. Hutchinson County withheld taxes from the worker's compensation.

---

[1] In a Deputation executed on January 2, 2001, Hutchinson County's sheriff, Guy Rowh, appointed Willis to be his "true and lawful deputy," and Willis swore to "execute the duties of the office of Deputy Sherriff/Corrections Officer." Under section 52e, a deputy sheriff's term of office expires when the sheriff's term expires. *Tarrant County v. Van Sickle*, 98 S.W.3d 358, 364 (Tex. App.—Fort Worth 2003, pet. denied). Sheriff Rowh's term expired on December 31, 2004.

[2] Hutchinson County paid Willis some vacation benefits and continued some of her retirement benefits. Hutchinson County's Treasurer, Kathy H. Sargent, stated in an affidavit that on "February 5, 2002, the County paid to [Willis] $1,711.20 for 20 unused vacation days, which included 5 carry-over days from 2001 and 15 days she would have accrued had she worked until October 1, 2002, even though she did not work any days in that 2002, and without pro-rating the 15 days in 2002 back to the date of her termination . . . ." And Willis testified in a deposition that, after her termination in January 2002, Hutchinson County did contribute to her retirement account but did not give her credit for her "years of service."

## II. DISCUSSION

Willis alleges that Hutchinson County violated her rights under Article 3, section 52e of the Texas Constitution by failing to pay her "according to the terms of that provision." She also alleges that Hutchinson County violated her rights under the Fourteenth Amendment of the United States Constitution by "depriving her property rights afforded her under the Texas Constitution without due process of law." Willis seeks (a) compensation for the unused days of sick leave that accrued before her termination in January 2002; (b) compensation for the longevity pay, vacation benefits, holiday benefits, sick-leave benefits, retirement benefits, and raises that accrued to county employees after her termination; and (c) the money withheld from her worker's compensation as taxes.

This Court may grant summary judgment if the record shows that the case does not have a genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. Rather than rest on pleaded allegations or denials, the nonmovant must set forth specific facts that show a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

According to Hutchinson County's policy on sick leave, employees hired before January 1991 will receive compensation for unused sick leave if they lose their job because of "Total

Disability." Hutchinson County produced summary-judgment evidence that Willis has only twelve-percent disability, and Willis makes no argument that she has total disability. The Court therefore holds that Willis has no right to compensation for the unused sick leave that accrued before the sheriff terminated her. The Court also holds that section 52e does not entitle Willis to compensation for the longevity pay, vacation benefits, holiday benefits, sick-leave benefits, retirement benefits, or raises that accrued after her termination. Only Hutchison County's employees are entitled to these benefits, and Willis ceased to be an employee upon her termination. *See Samaniego v. Arguelles*, 737 S.W.2d 88, 89-90 (Tex. App.—El Paso 1987, no writ) (holding that, even though a termination does not cut off a deputy's right to receive her maximum salary under section 52e, the provision does not prevent a sheriff from terminating a deputy's tenure at will). Willis received her maximum salary until her term of office expired. She must resolve any questions concerning whether taxes should not have been withheld from that pay or whether she has overpaid her taxes with the Internal Revenue Service and not with Hutchinson County.

Section 52e required Hutchinson County to pay Willis's "maximum salary." Willis's "maximum salary" was $31,833.96—her salary when she was terminated and lost the right to receive benefits that accrued to county employees. By paying her at least $31,833.96 until her term of office expired, Hutchinson County satisfied section 52e. And by doing so, it honored any property interests that she might have had under the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) (holding that property interests under the Fourteenth Amendment "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules"); *Barrett v. Thomas*, 649 F.2d

1193, 1199 (5th Cir. 1981) ("[D]eputy sheriffs have no legal entitlement to their jobs as public employees.").

## III. CONCLUSION

Accordingly, the Court grants summary judgment against Willis's claims that Hutchinson County violated her rights under Article 3, section 52e of the Texas Constitution and under the Fourteenth Amendment of the United States Constitution.

IT IS SO ORDERED.

Signed this __15th__ day of February 2007.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**